## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**PAMELA CONNELL,**

       **Plaintiff,**

**vs.**                                                                **No. CIV 04-0371 WDS**

**JO ANNE B. BARNHART, Commissioner**
**of the Social Security Administration,**

       **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on September 17, 2004. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits or supplemental security income. The Court, having considered Plaintiff's Motion [docket # 13] and Memorandum Brief [docket # 14], Defendant's Response [docket # 15], Plaintiff's Reply [docket # 16], the administrative record and applicable law, finds that Plaintiff's Motion should be **GRANTED,** and that this matter should be remanded to the Commissioner for further proceedings in accordance with this Memorandum Opinion and Order.

### I.  Background

Plaintiff, who was born on May 23, 1956, has not worked since 1997. Tr. 58. Previously, she had worked as a traffic director for a paving contractor, a census taker, telemarketer, painter, janitor, cook, and gunsmith in the Marine Corps. Tr. 59. Plaintiff alleges that she has low back pain from an injury she received in a slip and fall when she was approximately 19 years old. Tr. 239-40. Plaintiff also alleges that fingers "lock up" when she tries to work with her hands. Tr. 236-37. She alleges she suffers from anxiety and depression, Tr. 243-44, and also has been diagnosed with anemia.

Tr. 207.

Plaintiff filed her initial application for supplemental security income ("SSI") under Title XVI of the Social Security Act on April 1, 2002. Tr. 50-51. Plaintiff alleged that she became unable to work as a result of her disabling conditions on October 1, 1997. Tr. 58. After Plaintiff's application was denied at the initial level, Tr. 28, and at the reconsideration level, Tr. 29, Plaintiff appealed by filing a request for hearing by an administrative law judge ("ALJ") on February 6, 2003, Tr. 40-41.

The hearing before the ALJ was held on November 12, 2003, at which Plaintiff appeared and was represented by an attorney. Tr. 231-255. In a decision dated January 16, 2004, the ALJ denied Plaintiff's claim for SSI. Tr. 10-20. Plaintiff then filed a request for review with the Appeals Council on January 21, 2004. Tr. 8-9. The Appeals Council denied Plaintiff's request for review on March 4, 2004, Tr. 4-6, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481

On April 2, 2004, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, [docket # 3, 5] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43

F.3d 1392, 1395 (10th Cir. 1994).  Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993).  The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence.  *Id.*  However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion.  *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act.  *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920.  First, the question is whether the claimant is engaged in substantial gainful activity.  *Williams,* 844 F.2d at 750.  If so, the claimant is not disabled; if not, the analysis proceeds to step two.  *Id.*  At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe.  *Id.*  If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three.  *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment").  *Id.* at 751.  If so, the impairment is considered to be presumptively disabling.  *Id.*  If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work.  *Id.*  The claimant is not disabled if he or she can perform past work.  *Id.*  If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and

work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 15. The ALJ found at step two that Plaintiff has severe impairments of anemia with a history of coagulopathy and thrombocytopenia; bipolar disorder; major depressive disorder; personality disorder; and multiple substance abuse disorder, but found at step three that Plaintiff's impairments are not severe enough to meet any of the Listings. Tr. 15. The ALJ also found that the Plaintiff has moderate difficulty maintaining social functioning and a moderate impairment of concentration, persistence and/or pace. Tr. 17. At step four, the ALJ concluded that Plaintiff retains the RFC to lift and carry up to 20 pounds occasionally and 10 pounds frequently; stand and/or walk for a total of about 6 out of 8 hours; sit, with normal breaks for a total of about 6 out of 8 hours; occasionally climb, balance, stoop, kneel, crouch and crawl; simple, routine, repetitive work of a moderate or average pace; limited use of ropes, scaffolds, or ladders; no dealings with members of the general public; and no repetitive fine finger dexterity. Tr. 17. The ALJ found that Plaintiff had no past relevant work as defined in the Regulations at 20 CFR § 416.965. Tr. 17. However, at step five the ALJ concluded that Plaintiff is capable of performing a significant range of light work that exists in significant numbers in the national economy, and is not disabled. Tr. 18. Plaintiff contends that the ALJ erred at step five.

## IV.  Discussion

The evidence presented in this case included testimony from Plaintiff that her hands would "lock up" or "freeze" when she worked with them.  Tr. 236.  Plaintiff suggested that she might be able to hold a pen or a pencil for "about ten minutes or something" before this condition occurred. There is no indication that Plaintiff ever sought medical treatment for this condition.  Although Plaintiff was the subject of several consultative examinations, none of those examinations cast any light on Plaintiff's alleged malady.  The entirety of the record is the ALJ's statement that Plaintiff's RFC excludes "repetitive fine finger dexterity."

This record is insufficient to allow the Court to determine whether there is substantial evidence to support the Commissioner's determination. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993).  For example, while the laundry folder job requires a low degree of finger dexterity, it requires a frequent amount of fingering.  *DOT 361.587-010*.  As noted by Plaintiff's counsel, the repetitive nature of a function is not the same as whether it is performed occasionally, frequently, or constantly.  *Carradine v. Barnhart*, 360 F.3d 751, 761 (7th Cir. 2004).  The Commissioner suggests that the ALJ intended to find that the Plaintiff could perform frequent, but not constant, fine finger dexterity.  However, it is the responsibility of the ALJ to provide the reasoning for his opinion, which must stand on its own.  *Allen v. Barnhart*, 357 F.3d 1140, 1145.  In this instance the ALJ appeared to accept Plaintiff's testimony that she could work with her hands for ten minutes before she needed a break, Tr. 250, however, neither the ALJ nor the VE correlated that limitation to the occasional/frequent/continuous framework of the DOT.  In addition, the ALJ used the term "fine finger dexterity" but did not correlate that term to the five level "finger dexterity" framework of the DOT.  The job of unskilled office helper, DOT 239.567-010, for

5

example, requires a medium level of finger dexterity and frequent fingering. It is not possible for the Court to resolve whether Plaintiff's RFC includes or excludes such work, given the current state of the record. The Court does note, however, that the laundry folder job, per the DOT description, requires frequent stooping, while Plaintiff's RFC permits occasional stooping. There was no attempt to resolve this conflict through testimony of the VE. Under the circumstances noted above, it is not possible for the Court to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993), therefore remand is required.

### V.  Conclusion and Summary

In sum, the Court finds that this matter should be remanded for a rehearing in order to more fully develop the record to allow the Court to determine whether the Commissioner's decision is supported by substantial evidence and whether correct legal standards were applied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket # 13] is **GRANTED,** and this matter shall be remanded to the Commissioner of Social Security for further proceedings in accordance with this Memorandum Opinion and Order.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**